USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
           :
YA II PN, LTD.,            :
           :
           Plaintiff, :
           :     1:24-cv-475-GHW
     -against-            :
           :     ORDER
OSIRIUS GROUP, LLC, *and* MILLER, :
CANFIELD, PADDOCK & STONE, P.L.C., :
           :
           Defendants. :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiff commenced this action on January 23, 2024 against the above-captioned defendants. On January 24, 2024, the Court issued an order to show cause as to why the action should not be dismissed for lack of subject matter jurisdiction—questioning whether all parties were indeed diverse. Dkt. No. 6. On January 26, 2024, Plaintiff submitted a response, providing additional information regarding the parties' citizenship for diversity purposes. Dkt. Nos. 10, 11. On January 31, 2024, Plaintiff amended the complaint accordingly. Dkt. No. 15 ("FAC").

In the FAC, Plaintiff again invokes 28 U.S.C. § 1332 as the basis for this Court's subject matter jurisdiction, asserting that the parties are diverse and the amount in controversy is over $75,000. Dkt. No. 15 ¶ 10. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). "'[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation.'" *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (quoting *Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d

Cir. 1989)). Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Here, "Plaintiff is a Cayman Islands corporation, incorporated in the Cayman Islands . . . , with its principal place of business located [in] . . . New Jersey . . . ." FAC ¶ 4. Defendant Miller Canfield—a limited liability company that "takes the citizenship of each of its members," *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012)—is a citizen of, *inter alia*, Poland, FAC ¶ 7. Because Plaintiff is a Cayman Islands corporation maintaining its principal place of business in New Jersey, and Defendant Miller Canfield is domiciled in Poland, the Court lacks subject matter jurisdiction over this case. *See Franceskin*, 214 F.3d at 258.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, this action is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: February 1, 2024  
New York, New York

GREGORY H. WOODS  
United States District Judge